# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY ALLEN SYKES,<br><br>Defendant. | No. CR00-2023-MJM<br><br>FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) |

This matter is before the court pursuant to its May 9, 2008 order. In such order, the court, among other things, discussed Amendment 706, as amended by Amendment 711, to USSG §2D1.1 and stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. After adjusting the defendant's amended guideline range by the same percentage pursuant to USSG §5K1.1 and Federal Rule of Criminal Procedure 35(b), . . . the maximum reduction results in a new term of time served on count 1 of the information.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

Neither party filed objections to the court's May 9, 2008 order. Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 132 month term of imprisonment, as

reflected in the judgment dated February 25, 2003, is reduced to time served.[1] The defendant's new term of time served applies to count 1 of the information. Except as provided above, all provisions of the judgment dated February 25, 2003 remain in effect. As previously stated in the May 9, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Bureau of Prisons is directed to release the defendant, USM No. 08347-029, within 10 days of May 15, 2008.[2] The Clerk of Court is also directed to send a copy of this order to the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 15th day of May, 2008.

Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] For purposes of the May 9, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 35 | Amended Offense Level: | 34 |
|---|---|---|---|
| Criminal History Category: | VI | Criminal History Category: | VI |
| Previous Guideline Range: | 292 to 365 months | Amended Guideline Range: | 262 to 327 months |

The court previously imposed a term of imprisonment below the guideline range applicable to the defendant at the time of sentencing as a result of a departure under USSG §5K1.1 and 18 U.S.C. § 3553(e). Further, the court reduced the defendant's sentence under Federal Rule of Criminal Procedure 35(b). Consequently, the reduced sentence of time served on count 1 of the information is comparably less than the amended guideline range.

[2] To allow for Bureau of Prison processing and administration of the amended sentence, the court believes that a delay of up to 10 days in the effective date of the new sentence is appropriate.